UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 25-349 (JWB)

UNITED STATES OF AMERICA,

Plaintiff,

v.

MUSTAFA DAYIB ALI,

Defendant.

**PLEA AGREEMENT AND
SENTENCING STIPULATIONS**

The United States of America and Mustafa Dayib Ali (hereafter, the "defendant") agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota and the United States Department of Justice, Criminal Division, Fraud Section (hereafter, "the United States" or "the government"). This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1. **Charges**. The defendant agrees to plead guilty to Count One of the Indictment, which charges the defendant with wire fraud, in violation of 18 U.S.C. § 1343. The defendant fully understands the nature and elements of the crime with which he has been charged. At the time of sentencing, the United States agrees to move to dismiss the remaining charges against him in the Indictment. In consideration for the defendant's plea of guilty, the government agrees it will not pursue additional charges against the defendant for any matters presently under investigation by the United States Attorney's Office for the District of Minnesota or

1

the United States Department of Justice, Criminal Division, Fraud Section.

2.      **Factual Basis**. The defendant is pleading guilty because he is in fact guilty of Count One of the Indictment. In pleading guilty, the defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt and constitute relevant conduct pursuant to the United States Sentencing Guidelines:

Beginning in or around April 2022 and continuing through in or around April 2025, within the District of Minneapolis and elsewhere, the defendant and others knowingly carried out a scheme to defraud the Housing Stabilization Services ("HSS") program, a Medicaid program designed to help people with disabilities and addictions find and maintain housing. As part of that scheme, the defendant and others inflated the hours expended in providing services to those people and thereby misappropriated program funds that were intended as reimbursements for services actually provided.

Specifically, the defendant was an owner of Brillant Minds Services, LLC that was registered with the Minnesota Secretary of State in about October 2020 and enrolled as an HSS provider in or about April 2022. The defendant and others thereafter purported to service individuals through Brillant Minds from an office suite in the Griggs-Midway Building in St. Paul, Minnesota. Ultimately, the defendant and the other owners of Brillant Minds claimed to provide housing stabilization services to approximately 350 different beneficiaries totaling $2,253.385.06; however, Brillant Minds did not perform all of the total claimed

2

services, instead billing for services not provided and inflating the amount of time for services actually provided.

The HSS Program required providers to keep records reflecting the type and duration of services provided. To document services that did not always occur or to inflate the time of services provided, Brillant Minds employees fabricated client notes. The defendant does not dispute the notes were fake and admits that he knew the HSS bills he submitted for payment were inflated and fraudulent.

The defendant acknowledges that he and others sent, or caused to be sent, communications in interstate commerce in furtherance of his fraud scheme, including through the use of email accounts hosted by Google. Those communications include the email charged in Count 1 of the Indictment.

3.    **Waiver of Pretrial Motions**. The defendant understands and agrees that he has certain rights to file pretrial motions in this case. As part of this plea agreement, and based upon concessions of the United States within this plea agreement, the defendant knowingly, willingly, and voluntarily gives up the right to file any pretrial motions in this case.

4.    **Waiver of Constitutional Trial Rights**. The defendant understands that he has the right to go to trial. At trial, the defendant would be presumed innocent, have the right to trial by jury or, with the consent of the United States and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right to subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be

protected from compelled self-incrimination. The defendant understands that he has the right to an attorney at every stage of these proceedings and, if necessary, one will be appointed to represent him. The defendant understands that he has the right to persist in a plea of not guilty and, if he does so, he would have the right to a public and speedy trial. By pleading guilty, the defendant knowingly, willingly, and voluntarily waives each of these trial rights, except the right to counsel. The Defendant understands that a guilty plea is a complete and final admission of guilt and, if the Court accepts the guilty plea, the Court will adjudge the defendant guilty without a trial.

5.    **Additional Consequences**. The defendant understands that as a result of his conviction, he could experience additional consequences, such as the loss of the right to carry firearms, the right to vote, and the right to hold public office.

6.    **Statutory Penalties**. The defendant understands that Count One of the Indictment (wire fraud, in violation of 18 U.S.C. § 1343) is a felony offense that carries the following statutory penalties:

a.    a maximum of 20 years in prison;

b.    a supervised release term of not more than 3 years;

c.    a maximum fine of $250,000, or twice the gross gain or loss caused by the offense, whichever is greatest;

d.    restitution as determined by the Court; and

e.    a mandatory special assessment of $100.

7.    **Revocation of Supervised Release.** The defendant understands that if he were to violate any supervised release condition while on supervised release, the

Court could revoke his supervised release, and the defendant could be sentenced to an additional term of imprisonment up to the statutory maximum set forth in 18 U.S.C. § 3583(e)(3). *See* U.S.S.G. §§ 7B1.4, 7B1.5. The defendant also understands that as part of any revocation, the Court may include a requirement that he be placed on an additional term of supervised release after imprisonment, as set forth in 18 U.S.C. § 3583(h).

8. **Guidelines Calculations**. The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq.* Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following:

a. Base Offense Level. The parties agree that the base offense level is 7. U.S.S.G. § 2B1.1(a)(1).

b. Specific Offense Characteristics. The parties agree that the loss amount is at least $1.5 million but not more than $2,253,385. The parties agree that the loss amount shall be decided by the Court at the time of sentencing and that the Court's decision will determine the applicable enhancement contained in U.S.S.G. § 2B1.1(b)(1). The parties agree that a 2-level enhancement applies pursuant to U.S.S.G. § 2B1.1(b)(7) because the defendant was convicted of a federal health care offense involving a government health care program and the loss to the government health care program was more than $1 million. The parties agree that no other specific offense adjustments apply.

c. Acceptance of Responsibility. The government agrees to recommend that the defendant receive a 2-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). As the defendant has timely notified the government of his intention to enter a plea of guilty, the government agrees to recommend that the defendant receive an additional 1-level reduction

5

pursuant to U.S.S.G. § 3E1.1(b). Whether these reductions will be imposed shall be determined by the Court in its discretion. However, the defendant understands and agrees that the government's recommendations are conditioned upon the following: (1) the defendant testifies truthfully during the change of plea and sentencing hearings; (2) the defendant provides full, complete and truthful information to the United States Probation Office in the pre-sentence investigation; and (3) the defendant engages in no conduct inconsistent with acceptance of responsibility before the time of sentencing, including frivolously denying facts in the Presentence Report. Nothing in this agreement limits the right of the government, pursuant to U.S.S.G. § 3E1.1 and/or § 3C1.1 to seek denial of a reduction for acceptance of responsibility or an enhancement for obstruction of justice should the defendant engage in any conduct inconsistent with acceptance of responsibility, including moving to withdraw his guilty plea after it is entered.

d.  Criminal History Category. The parties believe that, at the time of sentencing, the defendant will fall into Criminal History Category I. U.S.S.G. § 4A1.1. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. The defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. The defendant understands that if the presentence investigation reveals any prior adult or juvenile sentence which should be included within his criminal history under the U.S. Sentencing Guidelines, the defendant will be sentenced based on his true criminal history category, and he will not be permitted to withdraw from this Plea Agreement. U.S.S.G. § 4A1.1.

e.  Zero-Point Offender Adjustment. Because the parties believe that defendant has zero criminal-history points and no disqualifying conduct, the parties agree the defendant qualifies for a 2-level reduction under U.S.S.G. § 4C1.1.

f.  Current Guidelines Range. Based on the foregoing, the adjusted offense level will depend on the Court's determination of the loss amount. If the adjusted offense level is 20, as the government believes it should be, and the criminal history category is I, the Sentencing Guidelines range is 33-41 months of imprisonment. If the adjusted offense level is 18, as the defendant believes it should

6

be, the Sentencing Guidelines range is 27-33 months of imprisonment.

g.  Fine Range. If the adjusted offense level is 20, the Sentencing Guidelines fine range is $15,000 to $150,000. If the adjusted offense level is 18, the Guideline fine range is $10,000 to $100,000.

9.  **Discretion of the Court**. The foregoing stipulations are binding on the parties but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court may make its own determination regarding the applicable guideline factors and the applicable criminal history category. The Court may also vary from the applicable Guidelines. If the Court determines that the applicable guideline calculations are different from that stated above, such a determination shall not provide a basis for the parties to withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

10.  **Agreements as to Sentencing Recommendation**. The parties are free to recommend whatever sentence they deem appropriate. The parties reserve the right to make a motion for variances from the applicable Guidelines range pursuant to 18 U.S.C. § 3553(a), and to oppose any such motion made by the opposing party. If the Court does not accept the sentencing recommendation of the parties, the defendant will have no right to withdraw his guilty plea.

11.  **Special Assessment**. The Sentencing Guidelines require payment of a special assessment in the amount of $100.00 for each felony count of which the

defendant is convicted. U.S.S.G. § 5E1.3. The defendant agrees that the special assessment is due and payable at the time of sentencing.

12.    **Restitution Agreement**. The defendant understands and agrees that the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, applies and that the Court is required to order the defendant to make restitution to the victims of his crime. The defendant understands and agrees the Court may order the defendant to make restitution to any victim of the scheme regardless of whether the victim was named in the Indictment. The defendant agrees that he owes restitution of at least $1.5 million but not more than the loss amount decided by the Court. The defendant's restitution obligation shall be joint and several with all other convicted defendants charged in the Indictment.

13.    **Disclosure of Assets.** The defendant will fully and completely disclose to the United States Attorney's Office the existence and location of any assets in which the defendant has any right, title, or interest, or over which the defendant exercises control, directly or indirectly, including those assets held by a spouse, nominee or other third party, or any business owned or controlled by the Defendant. The defendant agrees to assist the United States in identifying, locating, returning, and transferring assets for use in payment of fines and/or forfeiture ordered by the Court. The defendant agrees to complete a financial statement within two weeks of the entry of his guilty plea. The defendant further agrees to execute any releases that may be necessary for the United States to obtain information concerning the defendant's assets and expressly authorizes the United States to obtain a credit

report on the defendant to evaluate his ability to satisfy financial obligations imposed by the Court. If requested by the United States, the defendant agrees to submit to one or more asset interviews or depositions under oath.

14.    **Forfeiture.** The defendant agrees to forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), all property, real or personal, which constitutes or is derived from proceeds traceable to the wire fraud scheme charged in Count 1 of the Indictment.

The defendant agrees that the United States may, at its option, forfeit the property through civil, criminal or administrative proceedings, waives any deadline or statute of limitations for the initiation of any such proceedings, and abandons any interest he may have in the property. The defendant waives all statutory and constitutional defenses to the forfeiture and waives any right to contest or challenge (including direct appeal, habeas corpus, or any other means) such forfeiture, directly or through any company he owns or controls, on any grounds. To the extent the defendant has requested remission or mediation of the forfeiture of the property, he withdraws any such requests. The defendant agrees not to assist any third party in challenging the forfeiture of the property.

The defendant consents to the entry of a money judgment forfeiture in an amount to be determined before sentencing, which represents the amount of proceeds the defendant obtained from the wire fraud scheme alleged in Count 1 of the Indictment. The defendant will receive a credit against the money judgment forfeiture for the net value of all property that is forfeited from him in this matter.

The United States reserves the right to seek forfeiture of substitute assets and any additional directly forfeitable property.

15.    **Waivers of Appeal and Collateral Attack.** The defendant hereby waives the right to appeal any non-jurisdictional issues. This appeal waiver includes, but is not limited to, the defendant's waiver of the right to appeal guilt or innocence, sentence and restitution, and the constitutionality of the statutes to which the defendant is pleading guilty. The parties agree, however, that excluded from this waiver is an appeal by defendant of the Court's determination of the applicable guideline's enhancement for loss amount and adjustment for role in the offense, and the substantive reasonableness of a term of imprisonment above 41 months' imprisonment.

The defendant also waives the right to collaterally attack his conviction and sentence under 28 U.S.C. § 2255 except based upon a claim of ineffective assistance of counsel. Further, this collateral-review waiver does not operate to waive a collateral challenge under 28 U.S.C. § 2255 based on new legal principles enunciated in Supreme Court case law decided after the date of this Plea Agreement that are both substantive and have retroactive effect. For purposes of this provision, legal principles that are substantive and retroactive are those that narrow the reach of the offense of conviction and render the defendant's conduct non-criminal or that render the sentence imposed illegal.

The defendant has discussed these rights with his attorney. The defendant understands the rights being waived, and the defendant waives these rights

knowingly, intelligently, and voluntarily.

The United States agrees to waive its right to appeal any sentence except the government may appeal the substantive reasonableness of a term of imprisonment below 33 months' imprisonment.

16.    **FOIA Requests.** The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

17.    **Complete Agreement.** This, along with any agreement signed by the parties before entry of plea, is the entire agreement and understanding between the United States and the defendant. By signing this plea agreement, the defendant acknowledges: (a) that the defendant has read the entire agreement and has reviewed every part of it with the defendant's counsel; (b) that the defendant fully understands this plea agreement; (c) that no promises, agreements, understandings, or conditions have been made or entered into in connection with his decision to plead guilty, except those set forth in this plea agreement; (d) that the defendant is satisfied with the legal services and representation provided by defense counsel in connection with this plea agreement and matters related to it; (e) that the defendant has entered into this plea agreement freely, voluntarily, and knowingly; and (f) that the defendant's decision to plead guilty in accord with the terms and conditions of this plea agreement is made of the defendant's own free will.

11

Dated: July 23, 2026

BY: _____
DANIEL N. ROSEN
United States Attorney

MATTHEW C. MURPHY
Assistant United States Attorney

BY: _____
LORINDA LARYEA
Chief, Fraud Section

RAYMOND E. BECKERING III
Trial Attorney
Health Care Fraud Unit

Dated: 7/23/26

_____
MUSTAFA DAYIB ALI
Defendant

Dated: 7/23/26

_____
RYAN PACYGA
Counsel for Mr. ALI